Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN TAN WEI JIE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIGAND PHARMACEUTICALS INCORPORATED, JOHN L. HIGGINS, and MATTHEW KORENBERG,<br><br>Defendants. | Case No. '16CV2832 GPC MDD<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Brendan Tan Wei Jie ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's Complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Ligand Pharmaceuticals Incorporated

- 1 -
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

("Ligand" or the "Company"), as well as media and analyst reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased the securities of Ligand between November 9, 2015 and November 14, 2016, inclusive, (the "Class Period") seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the Company is headquartered in this district and a significant portion of the Defendants' actions and the subsequent damages took place within this District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

# PARTIES

6. Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Ligand securities at artificially inflated prices during the Class Period and has been damaged thereby.

7. Defendant Ligand is a biopharmaceutical company that focuses on developing and acquiring technologies that help pharmaceutical companies discover and develop medicines worldwide. The Company is incorporated in Delaware and its principal executive offices are located at 3911 Sorrento Valley Boulevard, Suite 110, San Diego, CA. Ligand's securities trade on NASDAQ under the ticker symbol "LGND."

8. Defendant John L. Higgins ("Higgins") has been the Chief Executive Officer ("CEO") at Ligand since January 16, 2007, and has served as the President of Ligand from January 16, 2007 until February 2, 2015.

9. Defendant Matthew Korenberg ("Korenberg") has been the Chief Financial Officer ("CFO") and Vice President of Finance at Ligand since August 06, 2015, and has been its Principal Accounting Officer since September 20, 2016.

10. The Defendants referenced above in ¶¶ 8 – 9 are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

   (a) directly participated in the management of the Company;
   (b) was directly involved in the day-to-day operations of the Company at the highest levels;
   (c) was privy to confidential proprietary information concerning the Company and its business and operations;
   (d) was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)   was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

(f)   approved or ratified these statements in violation of the federal securities laws.

12.   As officers, directors, and controlling persons of a publicly-held company whose securities are and were registered with the SEC pursuant to the Exchange Act, and were traded on NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's business prospects and operations, and to correct any previously-issued statements that had become materially misleading or untrue to allow the market price of the Company's publicly-traded stock to reflect truthful and accurate information.

13.   Ligand is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

14.   The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Ligand under *respondeat superior* and agency principles.

15.   Defendant Ligand and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False And Misleading Statements

16.   On November 9, 2015, the Company filed a Form 10-Q for the quarter ended September 30, 2015 (the "3Q 2015 10-Q") with the SEC, which provided the

- 4 -

Company's third quarter 2015 financial results and position. The 3Q 2015 10-Q was signed by Defendant Korenberg. The 3Q 2015 10-Q also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Higgins and Korenberg attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

17.  On February 26, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2015. The 2015 10-K was signed by Defendants Higgins and Korenberg. The 2015 10-K also contained signed SOX certifications by Defendants Higgins and Korenberg attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18.  On May 9, 2016, the Company filed a Form 10-Q for the quarter ended March 31, 2016 (the "1Q 2016 10-Q") with the SEC, which provided the Company's first quarter 2016 financial results and position and stated that the Company's disclosure controls and procedures were effective as of March 31, 2016. The 1Q 2016 10-Q also disclosed that, as of March 31, 2016, "there have not been any changes in our internal control over financial reporting (as defined in Rule 13a-15(f) and 15d-15(f) under the Exchange Act) during the quarter of the fiscal year to which this report relates that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 1Q 2016 10-Q was signed by Defendant Korenberg. The 1Q 2016 10-Q also contained signed SOX certifications by Defendants Higgins and Korenberg attesting to the accuracy of financial reporting, the disclosure of any material

changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19. On August 4, 2016, the Company filed a Form 10-Q for the quarter ended June 30, 2016 (the "2Q 2016 10-Q") with the SEC, which provided the Company's second quarter 2016 financial results and position and stated that the Company's disclosure controls were effective as of June 30, 2016. The 2Q 2016 10-Q also disclosed that, as of June 30, 2016, "there have not been any changes in our internal control over financial reporting (as defined in Rule 13a-15(f) and 15d-15(f) under the Exchange Act) during the quarter of the fiscal year to which this report relates that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 2Q 2016 10-Q was signed by Defendant Korenberg. The 2Q 2016 10-Q also contained signed SOX certifications by Defendants Higgins and Korenberg attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

20. The statements referenced in ¶¶ 16 – 19 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Ligand overstated the value of certain Deferred Tax Assets ("DTA") by approximately $27.5 million or 13%; (2) Ligand's outstanding convertible senior unsecured notes due 2019 should have been classified as short-term debt rather than long-term debt as of December 31, 2015; (3) Ligand did not maintain effective controls over the accuracy and presentation of the accounting for income taxes related to complex transactions; (4) in turn, Ligand lacked effective internal control over financial reporting; and (5) as a result, Defendants'

statements about Ligand's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## The Truth Emerges

21.  On November 14, 2016, Ligand filed a Form 8-K with the SEC during aftermarket hours revealing that its consolidated financial statements as of September 30, 2015, December 31, 2015, March 31, 2016 and June 30, 2016 need to be restated and its internal control over financial reporting was not effective as of December 31, 2015, stating in pertinent part:

> **Item 4.02(a) Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**
>
> As previously disclosed on November 3, 2016, in the Earnings Release, as identified above in Item 2.02, the Company conducted a review of the amount of net operating loss carryforwards recorded as a result of certain acquisitions accounted for prior to February of 2010. These net operating loss carryforwards resulted in a portion of our deferred tax assets ("DTA") of approximately $209 million and a tax benefit of $220 million as of and for the third quarter of 2015. As a result of this review, management has determined that the Company overstated the value of the DTA by approximately $27.5 million, or 13% of the DTA initially recorded in the third quarter of 2015. The adjustment reduces the discrete DTA gain and reduces GAAP net income for that period by the same amount. As restated, the Company's balance sheet for the third quarter of 2015 and every subsequent period should reflect the reduction in DTA.
>
> Further, management determined that the Company's outstanding convertible senior unsecured notes due 2019 (the "Convertible Notes") should have been classified as short-term debt rather than long-term debt as of December 31, 2015 because the Convertible Notes were convertible according to their terms as of such date. In addition, the related unamortized discount of $39.6 million previously included within stockholders' equity was reclassified as temporary equity component of currently redeemable convertible notes on our

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Consolidated Balance Sheet. The change to the classification of the Convertible Notes has no effect on GAAP net income.

Section 404 of Sarbanes Oxley Act

Management has evaluated the effect of the restatement on the Company's prior conclusions on the effectiveness of its internal control over financial reporting and disclosure controls and procedures as of December 31, 2015. In connection with management's re-evaluation of the effectiveness of the Company's internal control over financial reporting as of December 31, 2015, management determined that the Company did not maintain effective controls over the accuracy and presentation of the accounting for income taxes relate to complex transactions, including the income tax provision and related tax assets and liabilities and controls over the financial reporting classification of convertible debt and temporary equity. The Company will amend its disclosures pertaining to its evaluation of such controls and procedures in the Form 10-K/A to report a material weakness in those controls and procedures and will report that its internal control over financial reporting and its disclosure controls and procedures were not effective as of December 31, 2015.

Consequently, on November 14, 2016, the Audit Committee of the Company's board of directors, in consultation with management, determined that the consolidated financial statements as of and for each of the following financial periods contain a material error, should not be relied upon and need to be restated: September 30, 2015, December 31, 2015, March 31, 2016 and June 30, 2016 (collectively, the "Previously Issued Financial Statements").

22. On this news, shares of Ligand fell $5.60 per share or approximately 5% over two trading days to close at $103.85 per share on November 16, 2016, damaging investors.

23. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

24.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Ligand securities traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

25.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Ligand securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Ligand or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

28.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Ligand;
- whether the Individual Defendants caused Ligand to issue false and misleading financial statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- whether the prices of Ligand securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

30. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Ligand securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on NASDAQ and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased, acquired and/or sold Ligand securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

31. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

32. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I
### Violations of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

33. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

35. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Ligand securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Ligand securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

36. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Ligand securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Ligand's disclosure controls and procedures.

37. By virtue of their positions at Ligand, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

38. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Ligand, the Individual Defendants had knowledge of the details of Ligand's internal affairs.

39. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Ligand. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Ligand's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Ligand securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Ligand's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Ligand securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

40. During the Class Period, Ligand securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Ligand securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Ligand securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Ligand securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

41. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

42. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period.

## COUNT II
### Violations of Section 20(a) of The Exchange Act
### Against The Individual Defendants

43. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. During the Class Period, the Individual Defendants participated in the operation and management of Ligand, and conducted and participated, directly and indirectly, in the conduct of Ligand's business affairs. Because of their senior positions, they knew the adverse non-public information about Ligand's operations, current financial position and future business prospects.

45. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Ligand's business practices, and to correct promptly any public statements issued by Ligand which had become materially false or misleading.

46. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Ligand disseminated in the marketplace during the Class Period concerning the Company's disclosure controls and procedures.

Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Ligand to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Ligand within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Ligand securities.

47. Each of the Individual Defendants, therefore, acted as a controlling person of Ligand. By reason of their senior management positions and/or being directors of Ligand each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Ligand to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Ligand and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

48. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Ligand.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

# DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: November 17, 2016         Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

- 16 -
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS